UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| LYNETTE WEATHERSPOON, ) | |
| ) | |
| Plaintiff, ) | Case: 3:24-cv-01406 |
| ) | |
| v. ) | |
| ) | |
| GROENDYKE TRANSPORT, INC., ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Lynette Weatherspoon ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Groendyke Transport, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Lynette Weatherspoon, resides in St. Louis County in the State of Missouri.

8. At all times material to the allegations in this Complaint, Defendant, Groendyke Transport, Inc., is a corporation doing business in and for Madison County whose address is 3141 W Chain of Rocks, Granite City, Illinois 62040.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

11. Plaintiff worked for Defendant as a Truck Driver from March 2022 through December 4, 2022.

12. Since at least November 22, 2022 through December 4, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

13. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14. On November 22, 2022, Plaintiff was awaiting to be assigned to another truck due to Plaintiff's truck being down for maintenance.

15. While waiting to be assigned another truck, another truck driver, C.R. (an Asian male), offered food to the Plaintiff to which the Plaintiff declined.

16. After the Plaintiff declined the food, C.R. stated that when an Asian offers you food, you accept it. Next time, I'll stick something else in your mouth.

17. C.R. began making sexual innuendos towards the Plaintiff by rotating his hips in a sexual manner.

18. Plaintiff reported the incident to her supervisor, Joshua Weber, the Safety Terminal Manager.

19. Mr. Weber acted as if he did not hear the Plaintiff and took no action.

20. Plaintiff then reported the issue to Jackie (LNU), Safety who advised that the

complaint would be forwarded.

21. On December 1, 2022, Mr. Weber was speaking with Ray Gladney, Trainer, when Plaintiff arrived to drop off paperwork.

22. Mr. Gladney asked for a dollar to which the Plaintiff responded that she did not have a dollar.

23. Mr. Gladney responded by commenting that he knew Plaintiff had a dollar because she was a stripper and because Plaintiff has her legs wrapped around the pole.

24. Plaintiff responded by stating she was not a stripper.

25. Mr. Weber did not state anything or correct Mr. Gladney about his comments.

26. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

27. On December 4, 2022, Plaintiff was contacted by Morgan (LNU), Human Resources, who advised Plaintiff that she was being discharged for Failure to Follow a directive from Mr.Weber on logging in and out to avoid going over Federal Motor Carrier Safety Administration (FMCSA).

28. Plaintiff was unlawfully terminated because of her sex, (female) on December 4, 2022.

29. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

30. Plaintiff reported the sexual harassment and sexual assault to Defendant.

31. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

32. Plaintiff suffered multiple adverse employment actions including, but not limited

to being terminated.

33. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

34. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

37. Defendant knew or should have known of the harassment.

38. The sexual harassment was severe or pervasive.

39. The sexual harassment was offensive subjectively and objectively.

40. The sexual harassment was unwelcomed.

41. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Plaintiff met or exceeded performance expectations.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

49. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

52. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

53. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

6

54. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

56. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

57. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

58. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Pre-judgment and post-judgment interest;

      f.      Injunctive relief;

      g.      Punitive damages;

      h.      Reasonable attorney's fees and costs; and

      i.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of May, 2024.

*/s/ Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*